**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BENNY BUTLER JR.,

Plaintiff, Case No.: 8:26-cv-01315-CEH-CPT

v.

TRANS UNION, LLC,

Defendant.
_________________________________/

**TRANS UNION, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Trans Union, LLC ("Trans Union"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), files this Memorandum of Law in Support of its Motion to Dismiss ("Motion") and states as follows:

## I. INTRODUCTION

Plaintiff Benny Butler, Jr. ("Plaintiff") contends that Trans Union violated Section 1681g of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), because it allegedly omitted the current balance associated with Plaintiff's Continental Financial Company ("Continental") and Midland Credit Management, Inc. ("Midland") accounts (the "Accounts"). Plaintiff does not allege any damages in the form of reduced credit or credit denials, nor does Plaintiff allege that his

allegedly deficient consumer disclosure was sent to a third party. Instead, his damages are limited to confusion, frustration, and emotional distress. Plaintiff's allegations of bare statutory violations and conclusory damages do not establish Article III standing. Additionally, Plaintiff overlooks the fact that Trans Union provided Plaintiff with a copy of his consumer disclosure, which "clearly and accurately" disclosed the current balance for the Accounts. Accordingly, Plaintiff's claims should be dismissed with prejudice.

## II. BACKGROUND

Plaintiff alleges that he requested a copy of his consumer credit disclosure from Trans Union on March 30, 2026. *See* ECF No. 12 at ¶ 8. He alleges that in response, he received an electronic copy of his consumer disclosure which omitted the current balance of the Accounts, preventing Plaintiff from "determining the actual balance information maintained in [Trans Union's] records." *Id.* at ¶¶ 11, 13.

Plaintiff alleges that as a result of this alleged omission, he was "unable to verify the [A]ccounts against Plaintiff's own records, forcing Plaintiff to speculate as to the accuracy and completeness of the information reported." *Id.* at ¶ 18. Further, Plaintiff alleges that he could not "determine whether any balance remained owed or whether the [A]ccount[s] had in fact been satisfied" nor could he "meaningfully review and assess the accuracy of [his] credit file." *Id.* at ¶¶ 17, 19. Accordingly, Plaintiff alleges that Trans Union violated § 1681g by "failing to clearly and

accurately disclose all information in Plaintiff's file at the time of the request." *Id.* at ¶ 27. Nowhere does Plaintiff allege that his consumer disclosure was disseminated to third parties or that Trans Union's alleged omissions caused him to suffer credit denials. *Id.*, *generally*. Instead, his claimed damages are restricted to "confusion, frustration, and emotional distress." *Id.* at ¶ 24.

Contrary to Plaintiff's allegations, Trans Union provided Plaintiff with his consumer disclosure on March 30, 2026, which "clearly and accurately" reported the balance of both Accounts. *See* Exhibit A.[1] Indeed, the consumer disclosure shows "current balance information" for the Continental and Midland accounts as $724.00 and $1,590.00, respectively. *See* Exhibit A.

## III. LEGAL STANDARD

### A. <u>Federal Rule of Civil Procedure 12(b)(1).</u>

A motion to dismiss for lack of standing may be brought under Federal Rule of Civil Procedure 12(b)(1). *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to resolve the matter. *Id.* The plaintiff "bear[s] the burden of pleading and proving concrete facts showing that the defendant's actual action has

---

[1] "[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

caused the substantial risk of harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013).

**B. <u>Federal Rule of Civil Procedure 12(b)(6).</u>**

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a plaintiff must include enough facts to move "[his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 662. Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although the allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, "this leniency does not

give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

"In analyzing the sufficiency of the complaint, [the court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## IV. ARGUMENT

### A. <u>Plaintiff lacks Article III standing to maintain his claim under the FCRA.</u>

Under Article III of the Constitution, the judicial power of the United States extends only to "Cases" and "Controversies." U.S. Const. art. III, §§ 1–2. To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). This "irreducible constitutional minimum" requires a showing that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Id.* at 338. "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete

harm." *TransUnion v. Ramirez*, 594 U.S. 413, 434 (2021). Indeed, Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation. **A violation of one of the FCRA's procedural requirements may result in no harm**." *Spokeo*, 578 U.S. 330 at 342. Therefore, it is insufficient for standing purposes that Plaintiff merely viewed the allegedly missing information when he obtained his consumer disclosure.

Courts routinely dismiss claims where a plaintiff has alleged only a "bare procedural violation, divorced from any concrete harm." *Id.* at 341; *see also Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1354 (11th Cir. 2025) ("[w]ithout something more than a bare statutory violation—something like the disclosure of erroneous information to a third party—[a plaintiff] cannot establish standing"); *see also Patterson v. Wells Fargo & Co.*, 2024 WL 5339476, at *4 (N.D. Cal. Nov. 8, 2024) ("The presence of an inaccuracy in the credit reports . . . does not establish a concrete harm unless the credit reports were disseminated to third parties."); *see also Wagner v. TRW, Inc.*, 139 F.3d 898 (5th Cir. 1998) ("[n]o case has extended FCRA damages to include pain and suffering damages based on information that a credit reporting agency never provided to any third party").

In this case, Plaintiff has also not alleged any "concrete and particularized" injury of the type required by Article III. Plaintiff makes no allegations of any third-party publication anywhere in his Amended Complaint, much less that Trans Union

disclosed inaccurate information to a third-party. Absent such allegations, Plaintiff fails to plead a concrete injury, and lacks standing. In addition, Plaintiff does not allege any denial of credit or change to existing credit terms like one might expect in an FCRA case. Rather, Plaintiff's economic damages are limited to generic allegations that he suffered "confusion, frustration and emotional distress." *See* ECF No. 12 at ¶ 24.

Plaintiff's generic allegations of emotional distress are similarly insufficient to plead an injury-in-fact. *See Spira v. Trans Union, LLC*, 2022 WL 2819469, at *5–*6 (S.D.N.Y. July 19, 2022) (finding no concrete harm when the plaintiff alleged suffering "mental and emotional pain," as they were conclusory allegations, which do not confer standing); *see also Attridge v. Colonial Sav. F.A.*, 2023 WL 6444894, at *4–6 (W.D. Tex. Sept. 28, 2023) (dismissing general allegations of damages to "reputation, stress, fear, worry, distress, frustration, humiliation, and embarrassment"); *Rosenberg v. LoanDepot, Inc.*, 2023 WL 1866871, at *4–5 (S.D.N.Y. Feb. 9, 2023) (dismissing claim alleging injuries from "hard and soft credit pulls," a "decreased credit score," "chilling effect" of future applications, and "mental and emotional pain"); *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 599–601 (D. Md. 2022) (dismissing claim alleging the injury of lowered credit score and emotional distress). Plaintiff therefore lacks Article III standing to maintain this action under the FCRA.

### B. Trans Union "clearly and accurately" disclosed the current balance information in Plaintiff's file.

Trans Union fulfilled its duties under the FCRA by clearly and accurately disclosing Plaintiff's consumer file, which allowed Plaintiff to review his file and identify any possible inaccuracies, including the current balance information pertaining to the Accounts.

Section 1681g(a)(1) of the FCRA requires every consumer reporting agency to, upon request, "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request[.]" 15 U.S.C. § 1681g(a)(1). Although the precise legal standard for assessing the statutory language of "clear and accurate" in this context is yet undefined, the "primary purpose of the disclosure requirements in Section 1681g is 'to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under Section 1681i.'" *Brown v. Equifax Info. Servs., LLC*, 2010 WL 11647403, at *10 (N.D. Ga. Feb. 16, 2010) (citing *Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941 (7th Cir. 2007)); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021) (Section 1681g is "designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties").

Trans Union furnished Plaintiff with a copy of his consumer disclosure on March 30, 2026, which clearly included the "current balance information" for both

Accounts. Specifically, the disclosure indicated that the current balances for Continental and Midland are $724.00 and $1,590.00, respectively. *See* Exhibit A. Indisputably, Trans Union provided all the information that Plaintiff alleges was omitted, enabling him to "meaningfully review and assess the accuracy" of his credit file in accordance with the primary purpose of the disclosure requirements under Section 1681g. But even though he received a copy of his consumer disclosure ***on the same day as the report obtained through AnnualCreditReport.com***, Plaintiff alleges that, somehow, he suffered emotional distress. *See* ECF No. 12 at ¶ 24.

Plaintiff reasons that his claims are limited to "the disclosure he obtained through AnnualCreditReport.com on March 30, 2026." *See* ECF No. 12 at ¶ 12. Plaintiff's claims do not align with the statute's underlying purpose, which is to encourage consumers to verify that the information in their credit reports matches their personal information, rather than to incentivize consumers to request copies of their reports in the hopes that a single omission will lead to a lawsuit. *See Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 490 (N.D. Ga. 2006) (finding that "[t]he statutory provision which Defendant allegedly violates [1681g(a)] is, at most, ambiguous . . . [and] there exists substantial danger that 'plaintiffs are attempting to obtain a windfall based on minor or technical violations'"). Here, Plaintiff is clearly seeking to exploit the FCRA's statutory framework for his own benefit. Further, using Plaintiff's logic, the FCRA would be construed as a strict liability statute,

which it is not. *See Santos v. Healthcare Revenue Recovery Grp., LLC.*, 90 F.4th 1144, 1157 (11th Cir. 2024) ("Congress made consumer reporting agencies liable for statutory damages, but only when the agencies *willfully* fail to 'follow reasonable procedures to assure [the] maximum possible accuracy' of their reports").

Accordingly, Plaintiff has no basis to assert a claim under § 1681g and should not be awarded a windfall.

## V. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Trans Union respectfully requests that this Court enter an order dismissing Plaintiff's Amended Complaint in its entirety, and for such other and further relief as this Court deems just.

## LOCAL RULE 3.01 CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel for Defendant, Trans Union, LLC, certifies that it has conferred with Plaintiff's counsel in a good-faith effort via email, and that Plaintiff's counsel has indicated that it opposes the relief requested.

Dated: June 11, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Victor Allaham, Esq.*
Victor Allaham, Esq. (FBN 1064459)
640 5th Avenue, 9th Floor

New York, NY 10019
Tel: 212-440-4425
Email: victor.allaham@bipc.com

***Counsel for Defendant Trans Union, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Victor Allaham*
Victor Allaham, Esq. (FBN 1064459)