**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BENNY BUTLER JR.,

Plaintiff,

v. Case No: 8:26-cv-1315-CEH-CPT

TRANS UNION LLC,

Defendant.

---

# ORDER

This matter comes before the Court on Defendant Trans Union LLC's Motion to Dismiss (Doc. 14). In its Motion, Defendant seeks to dismiss Plaintiff Benny Butler Jr.'s Amended Complaint (Doc. 12) for failure to sufficiently allege Article III standing. Plaintiff filed a response in opposition (Doc. 15). Upon careful consideration of the Motion and being fully advised in the premises, the Court will grant the Motion and remand this action to the County Court in and for Sarasota County, Florida.

## I. BACKGROUND[1]

On March 30, 2026, Plaintiff Benny Butler Jr. requested a copy of his credit report from Defendant Trans Union, LLC, a consumer reporting agency. Doc. 12 ¶ 8. Trans Union provided Butler with a credit report that omitted the current balance for

---

[1] The following statement of facts is derived from the Amended Complaint, the allegations of which the Court must accept as true in ruling on the instant motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

his accounts with Continental Financial Company and Midland Credit Management, Inc. *Id.* ¶ 13. As a result, Butler "experienced confusion, frustration, and emotional distress" while attempting to understand his credit report and reconcile it with his own financial records. *Id.* ¶ 24.

On April 20, 2026, Butler filed suit with the County Court in and for Sarasota County, Florida. Doc. 1-1. On May 4, 2026, Trans Union removed this case to the Middle District of Florida. Doc. 1. Butler amended his complaint on May 28, 2026. Doc. 12. In his Amended Complaint, Butler raises one count for a violation of 15 U.S.C. § 1681g(a)(1) of the Federal Consumer Rights Act ("FCRA"). *Id.* ¶¶ 25–30. Butler alleges that by failing to disclose his current balance in multiple accounts, Trans Union failed to provide a complete disclosure of all information contained in his consumer file. *Id.* Trans Union filed its Motion to Dismiss on June 11, 2026, and Butler filed his response on June 25, 2026. Docs. 14, 15.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."

*Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

A motion to dismiss for lack of standing attacks subject matter jurisdiction and is properly brought pursuant to Rule 12(b)(1). *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993). A motion to dismiss for lack of subject matter jurisdiction may attack jurisdiction facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Defendant raises a facial attack, which affords Plaintiff safeguards similar to those provided in a Rule 12(b)(6) motion. *Id.* at 1529. The allegations in the Amended Complaint are accepted as true, and all inferences are construed in favor of Plaintiff. *Id.*; *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 245 (11th Cir. 2014).

## III. DISCUSSION

District courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies" for which a plaintiff has standing to sue. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). To establish standing a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).

A plaintiff will lack standing in federal court unless he has suffered an "injury in fact" that is, inter alia, "concrete and particularized." *Id.* at 339 (citations omitted). An injury that is "concrete" may be intangible, but it must actually exist. *Id.* at 340. A "plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Id.* at 331. "Article III standing requires a concrete injury even in the context of a statutory violation." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020).

The FCRA seeks to promote "fair and accurate credit reporting" and to protect consumer privacy. 15 U.S.C. § 1681(a). "To achieve those goals, the [FCRA] regulates the consumer reporting agencies that compile and disseminate personal information about consumers." *Ramirez*, 594 U.S. at 418. Relevant here, 15 U.S.C. § 1681g(a)(1) states that "[e]very consumer reporting agency shall, upon request, and subject to section 1681(h)(a)(1) of this title, clearly and accurately disclose to the consumer: All information in the consumer's file at the time of the request."

In its Motion to Dismiss, Trans Union argues that Butler lacks standing because he has alleged only a bare procedural violation of 15 U.S.C. § 1681g(a)(1) divorced from a concrete injury. Doc. 14 at 6.

Butler responds that a bare violation of the FCRA is enough to allege standing. Doc. 15 at 5. He argues that when Congress creates a substantive right for an individual to receive information, the deprivation of that information constitutes a

concrete injury. *Id.* Butler cites to *Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998) in support. Doc. 15 at 4.

In *Akins*, the Supreme Court considered whether an informational deprivation could be a concrete injury for the purposes of standing. *Akins*, 524 U.S. at 20. In that case, the Federal Election Commission determined that the American Israel Public Affairs Committee ("AIPAC") was not a political committee under the Federal Election Campaign Act ("FECA") of 1971. *Id.* at 13. As a result, AIPAC was not required to make disclosures regarding its membership, contributions, and expenditures. *Id.* A group of voters challenged this determination. *Id.* at 15–16. The Supreme Court concluded that the group of voters suffered a concrete injury that consisted of their "inability to obtain information." *Id.* at 21. The court reasoned that this information would help the group of voters evaluate candidates for public office. *Id.*

Butler's reliance on *Akins* is unpersuasive for two reasons. *Cf. Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1003–04 (11th Cir. 2020) (discussing how *Akins* did not support the party's claim that any informational deprivation that violated the Fair Debt Collections Practices Act qualified as a concrete injury). First, the statute in *Akins* was a public-disclosure law that entitled all members of the public to certain information. The FCRA, in contrast, is not a public-disclosure law. Second, the plaintiff in *Akins* identified a consequential harm from the failure to disclose the contested information. Specifically, the plaintiff in *Akins* identified an informational

injury that would affect voting, which the Supreme Court noted is "the most basic of political rights." *Akins*, 524 U.S. at 24–25. Here, Butler has not identified any consequential harm in his Amended Complaint.

Furthermore, the Supreme Court has already foreclosed Plaintiff's argument that a bare violation of § 1681g(a)(1) of the FCRA constitutes a concrete harm. *See Ramirez*, 594 U.S. at 433. In *Ramirez*, the Supreme Court considered whether an allegation that a credit reporting agency breached its obligation under § 1681g(a)(1) to provide the plaintiffs with complete credit files was an injury in fact for Article III standing. *Id.* at 439–40. The Supreme Court held "[w]ithout any evidence of harm caused by the [incomplete credit files], these are bare procedural violations, divorced from any concrete harm." *Id.* at 440 (citation modified).

Thus, a denial of information under § 1681g(a)(1) of the FCRA alone is not a concrete injury for the purposes of Article III standing. Butler must allege concrete downstream consequences flowing from Trans Union's informational omission. *See Terrance Hays v. Equifax Information Services LLC*, No. 8:26-CV-1780-KKM-NHA, 2026 WL 2386346, at *1 (M.D. Fla. Aug. 17, 2026); *Harding v. Experian Info. Sols., Inc*, No. 8:26-CV-2009-KKM-CPT, 2026 WL 2146992, at *1 (M.D. Fla. July 27, 2026).

Next, Trans Union argues that Butler's allegations of injury are limited to generic allegations of emotional distress. Doc. 14 at 7. It argues that these allegations are insufficient to plead an injury in fact. *Id.*

Butler responds that Trans Union's informational deprivation caused him to experience "confusion, frustration, and emotional distress" while attempting to

reconcile his credit report with his own financial records. Doc. 15 at 8. Butler suggests that these downstream consequences of the informational deprivation are sufficient to establish a concrete injury for Article III standing. *Id.*

The Eleventh Circuit has not yet decided in a published opinion "whether emotional distress alone is a sufficiently concrete injury for standing purposes."[2] *Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022). However, the Eleventh Circuit has found an injury in fact where the plaintiff's emotional distress from time spent contesting inaccurate credit information manifested in "stress, anxiety, and lack of sleep." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021); *see also Fullwood v. Medicredit, Inc.*, No. 6:26-CV-67-JA-DCI, 2026 WL 1018619, at *2 (M.D. Fla. Apr. 15, 2026) (finding emotional distress causing the plaintiff "to lose time and mental focus" was a concrete injury); *Robinson v. Spring Oaks Cap. LLC*, No. 2:23-CV-1381, 2025 WL 2945851, at *3 (N.D. Ala. Aug. 6, 2025) (finding "emotional distress damages that manifest in, for instance, lack of sleep" were concrete injuries). District courts in this circuit have held emotional distress alone is not a concrete injury for purposes of Article III standing.

---

[2] In *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1352 (11th Cir. 2025), the Eleventh Circuit held that "spending money and time attempting to correct errors on a credit report that has not been published to a third party or otherwise affected a plaintiff fails to satisfy the standing requirements of Article III." The Eleventh Circuit, however, did leave the door open for whether an emotional or psychological injury could be enough to establish standing for an FCRA violation. *Id.* at 1356 ("Nelson has not alleged that the information she sought to correct was disclosed to a third party . . . [a]nd she has not alleged an emotional or psychological injury.").

*See e.g.*, *Harding*, 2026 WL 2146992 at *2 (finding the plaintiff "playing detective as to the accuracy of her own [credit] file" and the "frustration and emotional distress inherent in doing so" did not suffice as a concrete injury (citation modified)); *Valiente v. Palm Beach Credit Adjustors, Inc.*, No. 25-CV-20858, 2025 WL 3724704, at *6 (S.D. Fla. Dec. 24, 2025) (finding "emotional distress, on its own, cannot confer Article III standing"); *Nwaizuzu v. Dunlap Gardiner LLP*, No. 4:23-CV-00052, 2024 WL 484817, at *3 (N.D. Ga. Jan. 4, 2024) (finding the plaintiff's allegations that the "amounts owed were incorrect and that it . . . caused him emotional distress" insufficiently concrete to establish Article III standing); *Luce v. LVNV Funding LLC*, No. 21-CV-82143, 2023 WL 1472582, at *5 (S.D. Fla. Jan. 18, 2023) (finding allegations of "stress, worry, anxiety, frustration, and anger" insufficiently concrete to establish Article III standing).

The Court agrees with the holdings of other district courts in the Eleventh Circuit. *See Harding*, 2026 WL 2146992 at *2; *Valiente*, 2025 WL 3724704 at *6; *Nwaizuzu*, 2024 WL 484817 at *3; *Luce*, 2023 WL 1472582 at *5. Allegations of emotional distress without some physical manifestation such as loss of sleep are insufficient to establish a concrete injury for purposes of Article III standing. Here, Plaintiff's allegations of "confusion, frustration, and emotional distress" are insufficient to establish a concrete injury.

Additionally, Plaintiff's allegations of injury are conclusory. The motion to dismiss stage requires that a plaintiff allege non-conclusory facts taken as true to meet the elements of standing. *Light v. LVNV Funding, LLC*, 176 F.4th 1288, 1293 (11th Cir.

2026). Here, Plaintiff has merely alleged emotional distress without providing any facts that support such an allegation. *See Nwaizuzu*, 2024 WL 484817 at *3. (finding a generalized and conclusory allegation of emotional distress failed to plausibly allege facts to support standing). Plaintiff's allegation of emotional distress fails to meet the federal pleading standard for standing.[3]

Remand is the mandatory remedy for lack of standing in this removal case. Lack of standing is a jurisdictional defect. *See McGee v. Solicitor General of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013). When a case has been removed, "if at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (quoting 28 U.S.C. § 1447(c)).

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**.

2. This action is **REMANDED** to the County Court in and for Sarasota County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the County Court of Sarasota, Florida.

4. The Clerk is further directed to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

---

[3] Because the Court finds that Plaintiff does not have standing, it does not reach Defendant's other arguments for dismissal.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any